## WILLIAM FLORANCE *v.* JOHN GREENE.

Art. 3124 of the Civil Code determined the rights of a pledgee in relation to the other creditors of the pledgor. The rights of the pledgor against the pledgee are regulated by art. 3132.

Under art. 3132 of the Civil Code, the pledgor is entitled to chose whether the thing pledged shall be retained by the pledgee at its appraised value, or be sold at public auction, only when the pledgee does not insist upon its being sold to obtain payment out of the price, but signifies his wish, with the consent of the pledgor, to have it adjudicated to himself at its appraised value.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Josephs*, for the plaintiff.

*F. B. Conrad*, and *Roselius*, for the appellant.

BULLARD, J. The defendant has appealed from a judgment, by which the plaintiff recovered a sum of money loaned to him on pledge, and has been decreed to have a privilege on the things put in pledge, to wit, a series of notes, secured by mortgage. The petition concluded with a prayer, that the notes pledged might be ordered to be sold to satisfy the judgment.

The defendant did not deny either the loan or the pledge; but he avers, that the pledge given to the plaintiff, embraces a much larger amount of property than necessary to pay the plaintiff's claim, and he prays the court, in the event of a judgment being rendered against him, to be allowed to avail himself of the privilege accorded to him by law, of having so much of the pledged property as will satisfy the plaintiff's demand appraised, to be taken by the plaintiff in payment of said judgment.

After this answer was filed, the plaintiff's counsel, on his motion, obtained leave to discontinue so much of the prayer of his petition, as asked for the sale of the notes pledged, in execution of the judgment.

Judgment was rendered for the amount, and the plaintiff's privilege upon the things in pledge was recognized.

The pretensions of the appellant are grounded upon article 3132 of the Civil Code, which declares that, "the creditor cannot, in case of failure of payment, dispose of the pledge, but may apply to the judge to order that the thing shall remain to him in payment for as much as it shall be estimated by two appraisers, or shall be sold, at public auction, *at the choice of the debtor.* Any clause which should authorize the creditor to appropriate the pledge to himself, or to dispose of the same, without the aforesaid formalities, shall be null."

The Code of 1808, did not contain the clause giving to the pledgor the option to have the thing sold, or taken by the pledgee at an appraisement. The clause was introduced by the jurisconsults who were employed to prepare amendments to that Code; nor is that provision to be found in the Code Napoléon, from which the article, with that exception, is literally copied.

It is urged by the plaintiff's counsel, that the contract of pledge is an accessory one for the benefit of the creditor, to whom it

affords a security; that he may forbear to resort thereto, and stand upon his contract of loan ; and that he is not bound to present any alternative to the pledgor, but may at once demand a sale : and he invokes article 3124, which declares, that " the pawn invests the creditor with the right of causing his debt to be satisfied by privilege and in preference to the other creditors of his debtor, out of the product of the moveable, corporeal or incorporeal, which has thus been burdened."

We are of opinion that this last article regulates the rights of the pledgee, in relation to the co-creditors of the pledgor; and that his rights against the latter are to be exercised under the article first cited. At the same time we do not doubt his right to waive his security.

The main purpose of the legislature appears to have been, to prevent the pledgee from making the pledge his, on the failure of the debtor to pay. Even a stipulation to that effect is prohibited, and declared null and void. The law does not even leave to him the option to have the thing adjudged to himself, at an appraisement, or sold. He may demand either, in the alternative ; and, in the event of his making such a demand, the option is left to the pledgor, because as soon as the creditor signifies his willingness to take something else besides gold and silver in discharge of the debt, he has no longer a right to complain, that he is compelled to do so by the choice of the debtor, who in his turn may forbear the advantage, which the law affords to him, of having the thing sold, in order that he may receive the surplus over and above the amount of the debt.

We conclude, for these reasons, that the legislature intended to give the choice to the debtor, in those cases only in which the creditor does not insist upon the property pledged being sold in order to be paid out of the proceeds, but signifies his wish that, with the consent of the debtor, it may be adjudicated to him at its appraised value, as it would be his interest that it should be, in case there was no hope that the property might sell for a sufficient sum to pay the debt, and the debtor was without the means of paying the deficiency.

In the present case the court was authorized to pronounce the judgment it did. Not only in the original petition the plaintiff

did not ask that the pledge should be adjudged to him, but by an amendment afterwards, which the court did not err in permitting, he discontinued his demand to have the property sold in execution of the judgment: and, the judgment merely recognizes the existence of the pledge and of the plaintiff's privilege.

*Judgment affirmed.*